UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTATE OF JOSE ALFREDO PEREZ LEON (Heather Hern, Personal Representative of Estate); Heather Hern; and N.P. (minor child),<br>　　　　Plaintiffs,<br><br>　vs.<br><br>THE CITY OF SEYMOUR; OFFICER BART BEAVERS, in his individual capacity; OFFICER MIKE HENLEY, in his individual capacity,<br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )　1:08-cv-614-RLY-TAB |

**ENTRY ON PLAINTIFFS' MOTION TO TRANSFER VENUE**

**I.   Introduction**

Plaintiffs, Heather Hern, individually and as executor of the Estate of Jose Alfredo Perez Leon, and N.P. (minor child) ("Plaintiffs"), filed a Complaint seeking recovery for wrongful death and alleged violations of 42 U.S.C. § 1983. Plaintiffs generally allege that Defendants wrongfully caused the death of the decedent, Jose Alfredo Perez Leon, by failing to follow appropriate procedure for handling situations involving emotionally distressed people, and thereby violated his Fourth and Fourteenth Amendment rights. Defendants now move to transfer this case from the Indianapolis Division to the New Albany Division. For the reasons set forth below, this motion is **DENIED**.

## II.     Discussion

Title 28, Section 1404(a) of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The parties do not dispute that the Indianapolis Division and the New Albany Division are proper venues.

The moving party bears the burden to demonstrate that the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice. *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).  A district court must adjudicate motions to transfer on an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).  Considering the factors set out in § 1404(a) and the particular circumstances of the case, the moving party must show that the transferee forum is clearly more convenient than the transferor forum. *State Farm*, 939 F. Supp. at 651.

### A.     Convenience of the Parties and Witnesses

Defendants argue that the New Albany Division is the more convenient forum

because the Plaintiffs, the Defendants, and the relevant fact witnesses[1] reside in Seymour, Indiana, which is located in Jackson County – a county within the New Albany Division. Defendants' argument appears highly persuasive until one opens up a map of Indiana to find that Seymour is located midway between Indianapolis and New Albany. According to the Plaintiffs, the actual difference between the distance from Seymour to New Albany and the distance from Seymour to Indianapolis is roughly four or five miles. This fact is not refuted by Defendants. Thus, although the Plaintiffs' choice of forum is not entitled to the same level of deference because they have chosen a forum outside of their home forum, *id.* at 651, the court nevertheless finds that Defendants have not met their burden of showing that the New Albany Division is the more convenient forum for the parties and the witnesses.

    B.    **Interests of Justice**

The final factor "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Espino v. Top Draw Freight Sys., Inc.*, 713 F.Supp. 1243, 1245 (N.D.Ill. 1989). Interest of justice considerations include the necessity to apply state law, the conservation of judicial resources and the likelihood of an earlier trial. *See id.* Additional factors include the plaintiff's choice of forum, the availability of evidence, and the district in which a jury could best apply community

---

[1] The lone exception is the coroner who examined the decedent's body, who practices in Louisville, Kentucky. Although the coroner's Louisville locale is closer to New Albany than Indianapolis, Defendants have not alleged that the coroner would be unavailable or unwilling to appear absent compulsory process, nor have Defendants shown that the costs of obtaining her attendance in Indianapolis would be unduly burdensome.

standards. *Coffey*, 796 F.2d at 221 n. 4; *Northern Indiana Public Serv. Co. v. Envirotech Corp.*, 566 F.Supp. 362, 364 (N.D. Ind. 1983).

In support of this factor, Defendants argue that the New Albany Division is the more convenient forum for the parties and the witnesses, as they are located closer in proximity to New Albany than Indianapolis. For the reasons set forth above, the court finds this argument unpersuasive.

Defendants also argue that the sources of proof in this case lie in Jackson County. While this is true, Defendants overstate its importance. Defendants argue that it might be necessary for the jury to travel to Seymour to view the incident scene, and it will be more costly to travel from Indianapolis. As demonstrated above, the relative difference in distances between Seymour and Indianapolis and Seymour and New Albany is very small indeed, and is insufficient to tip the balance in favor of transfer to New Albany.

Defendants next argue that because the population of New Albany is smaller than that of Indianapolis, the docket in New Albany should be less congested, and thus, litigation should proceed quicker in New Albany. Defendants offer no evidence to substantiate this point, and thus, the court rejects this argument.

Finally, Defendants argue that because the populations of New Albany and Seymour are relatively close in size, while Indianapolis is much larger, jurors in the New Albany Division will be better suited to apply Seymour's community standards. Defendants' argument fails to recognize the fact that prospective jurors for the Indianapolis Division are chosen from twenty-six counties. UNITED STATES DISTRICT

COURT, SOUTHERN DISTRICT OF INDIANA PLAN FOR THE RANDOM SELECTION OF GRAND AND PETIT JURORS (2005) at 3.  The New Albany Division selects jurors not only from the city of New Albany, but also from the rest of Floyd County and fourteen other counties.  *Id*. at 4.  Thus, juries in the Indianapolis and New Albany Divisions will not necessarily reflect the city in which the court sits, but will contain individuals from all around the constituent counties.  Some jurors will be from areas similar in size to Seymour, some jurors will not.  In fact, the method for selecting potential jurors aims to ensure that each county in the respective Divisions will be proportionately represented in the jury pools.  Given this method for selecting jurors, the court finds Defendants concerns regarding the jury pool are insufficient to overcome the Plaintiffs' choice of forum.  Defendants' motion to transfer venue is therefore **DENIED**.

### III.   Conclusion

For the reasons set forth above, the court **DENIES** Defendants' Motion to Transfer Venue (Docket # 15).


**SO ORDERED** this 27th day of August 2008.


_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Rodney E. Farrow
FARROW & THOMPSON
farrow@farrowthompson.com

Matthew Hunter Jones
BOEHL STOPHER & GRAVES
mjones@bsg-in.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

Thomas R. Ruge
LEWIS & KAPPES
truge@lewis-kappes.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com